Letter to Faulkners
May 3, 2002
Page 2 of 2

Returned EFTs, collection expenses, penalties, late charges, and other miscellaneous items have also been assessed in the amount of One thousand three hundred sixty one dollars and ninety nine cents ($1,361.99)

Therefore, demand is hereby made that payment in the amount of Ten thousand two hundred thirty two dollars and eighteen cents ($10,232.18) be made in full to this office within ten (10) days of this letter.

Under the terms of the License Agreement, Cottman is giving you ten (10) days within which to cure the breaches noted above. If you fail to cure said breaches and fully comply with all terms of your License Agreement within the time period provided, Cottman may exercise its right to terminate your License Agreement without further warning. Further, this notice is without prejudice to any rights Cottman may have to effect an immediate termination based on other breaches of the License Agreement.

Sincerely yours,

COTTMAN TRANSMISSION SYSTEMS, LLC

William B. Jameson
General Counsel

WBJ/crs

cc:    Todd Leff
       John Colarossi
       Sandy Sloyer
       Mike Dacko

**EXHIBIT C**

**COttman**

TRANSMISSION SYSTEMS, LLC

*Executive Offices* 240 New York Drive • Fort Washington, PA 19034
215-643-5885 • Fax: 215-643-2519
www.cottman.com

May 28, 2002
**VIA FAX (214) 464-2250**
**AND U.S. MAIL**
Timothy Whitley, Esq.
SouthWestern Bell
208 S. Akard Street
1 SBC Plaza, Suite 2950
Dallas, TX 75202

> Re:  Telephone Numbers - (817) 579-8664; (817) 573-0275; (817) 573-0413; (817) 579-7033
>      Service Address – 3611 E. Highway 377, Granbury, TX 76234

Dear Mr. Whitley:

I am writing to follow up our telephone conversation of today concerning the above-referenced telephone numbers. I am associate counsel for Cottman Transmission Systems, LLC and Cottman Transmission Communications Corp. The above-referenced telephone accounts were previously in the name of "Cottman Transmission Communications Corporation d/b/a Cottman Transmission Center" and serviced by Allegiance Telecom. These telephone accounts have now been hijacked away from Cottman Transmission Communications Corp. by the franchisees of the Granbury Cottman Center, and are now serviced by SouthWestern Bell.

I am enclosing a copy of my May 9, 2002 correspondence to Carrie Martin, a SouthWestern Bell Business Call Center Manager. This letter demonstrates that these telephone numbers belong to my client. Pursuant to my correspondence and conversations with Ms. Martin, she indicated that the telephone numbers would be transferred to Cottman Transmission Communications Corp.

Please be advised that if SouthWestern Bell voluntarily transfers these telephone numbers, Cottman Transmission Communications Corp. does not have any desire to switch to another local telephone company. If these numbers are not voluntarily transferred to Cottman Transmission Communications Corp., it is guaranteed that a lawsuit will be filed.

Once you review the facts, I trust that Southwestern Bell will comply with my client's request. If you need any additional information, please contact me.

Sincerely,

Alan L. Poliner
Associate Counsel
Cottman Transmission Systems, LLC
Cottman Transmission Communications Corp.

Enclosure

Cc:   Will Jameson

# COTTMAN

### TRANSMISSION SYSTEMS, LLC

*Executive Offices* 240 New York Drive • Fort Washington, PA 19034
215-643-5885 • Fax: 215-643-2519
www.cottman.com

May 9, 2002

<u>**VIA FAX (214) 745-2834**</u>
<u>**AND U.S. MAIL**</u>

Carrie Martin, Business Call Center Manager
SouthWestern Bell
208 S. Akard Street
Dallas, TX 75202

    Re:   Telephone Numbers - (817) 579-8664; (817) 573-0275; (817) 573-0413; (817) 579-7033
             Service Address – 3611 E. Highway 377, Granbury, TX 76234

Dear Ms. Martin:

I am associate counsel for Cottman Transmission Systems, LLC ("Cottman Systems") and Cottman Transmission Communications Corp. ("Cottman Communications"). I am writing to follow up our telephone conversation of today concerning the above-referenced telephone accounts. As discussed, these telephone accounts were previously in the name of "Cottman Transmission Communications Corporation d/b/a Cottman Transmission Center" and serviced by Allegiance Telecom. These telephone accounts have now been hijacked away from Cottman Transmission Communications Corp., and are now serviced by SouthWestern Bell.

<u>Background</u>

Cottman Systems is a national franchisor of transmission repair centers. Each Cottman Transmission Center is individually owned and operated by a franchisee, and the name "Cottman Transmission Center" is used by each franchisee under license from Cottman Systems.

The telephone accounts for each Center, including the Granbury Center, are owned by Cottman Systems and held in the name of Cottman Transmission Communications Corp. d/b/a Cottman Transmission Center. Cottman Systems and Cottman Communications place advertising for the Cottman Transmission Centers linking the telephone numbers for each Center with the trademarks of Cottman Systems.

The franchisees do not have authorization to make changes to the telephone accounts or to switch or initiate service. Cottman Systems has the right to initiate, change, and transfer service on the telephone accounts. For example, if a franchisee is in violation of its license agreement with Cottman Systems, Cottman Systems, may direct the telephone company to redirect incoming calls

Case 2:02-cv-04370-ER   Document 1-2   Filed 07/02/2002   Page 5 of 50

**Granbury Center**

The franchisees of the Granbury, Texas Center are David Faulkner and Robyn Faulkner. The above identified telephone numbers for the Center were in the name of "Cottman Transmission Communications Corporation d/b/a Cottman Transmission Center" and serviced by Allegiance Telecom. Without the knowledge or authorization of Cottman Systems or Cottman Communications, the Faulkners contacted SouthWestern Bell to have these numbers transferred from Allegiance Telecom to SouthWestern Bell and to restrict access to these accounts. SouthWestern Bell, in turn notified Allegiance Telecom that it had authorization to transfer the accounts to SouthWestern Bell and such a transfer was completed.

Subsequently, Cottman Communications learned of this unauthorized transfer and attempted to assert control over its telephone accounts. These attempts have been unsuccessful.

I have enclosed the relevant portion of the license agreement between Cottman Systems and the Faulkners. Section 14 explicitly states that the telephone numbers are the property of Cottman Systems.

It is hereby demanded that these telephone numbers be transferred to the account of "Cottman Transmission Communication Corp. d/b/a Cottman Transmission Center", with the service address as indicated above. Access to the telephone accounts is to be limited to key representatives of Cottman Transmission Communication Corp. – Todd Leff, Harry Kalish, Christy Wilson and Trancy Smith – and protected by the password "RADIO".

Please be advised that Cottman Systems and Cottman Communications are currently involved in litigation against Allegiance Telecom involving this and other matters. I will not hesitate to bring suit against SouthWestern Bell. However, I hope this correspondence and the enclosed documents are sufficient for SouthWestern Bell to take the requested corrective action.

If you are unable to comply within your department, please forward a copy of this letter to your legal department. I look forward to your anticipated cooperation.

Sincerely,

Alan L. Poliner
Associate Counsel

Enclosure

Cc:   Will Jameson
      Tracy Smith

**TRANSMISSION**
**SINCE 1962**

☒ **New**  ☐ **Conversion**
☐ **Elite**

# License Agreement

AGREEMENT made *July 14*, 19*99*, between COTTMAN TRANSMISSION SYSTEMS, INC. 240 New York Drive, Fort Washington, Pennsylvania 19034 (hereinafter called "COTTMAN"), and

David Faulkner and Robyn Faulkner
7216 Pawnee Trail
Ft. Worth, TX 76135

(hereinafter called "OPERATOR")

As a result of extensive experience in the automotive transmission business, COTTMAN has developed and perfected certain methods, procedures and techniques of repairing, remanufacturing and servicing transmissions; and

COTTMAN has developed a system (hereinafter called the "SYSTEM") for conducting operations in the automotive transmission business which consists, in part, of the use of the Cottman name, Cottman's methods, procedures and techniques, and a network of Centers devoted exclusively to the repair of automotive transmissions (hereinafter called "CENTERS") which use the Cottman name and said methods, procedures and techniques; and

COTTMAN has created a substantial demand for its products and services by maintaining high standards of quality in its operations and in the operations of its licensed CENTERS and by extensive advertising; and

COTTMAN is actively engaged in promoting and expanding the reputation and good will of the name COTTMAN in connection with the automotive transmission business; and

In recognition of the value of participating in the SYSTEM, OPERATOR desires to acquire a license to operate a CENTER;

THEREFORE, in consideration of the mutual promises contained herein and intending to be legally bound, the parties agree as follows:

1.    Grant of License.

a.  In consideration of the payment of the initial fees, as set forth in Appendix A attached hereto and made a part hereof, OPERATOR shall have the right, subject to the terms and conditions set forth in this Agreement, to operate a CENTER (hereinafter called "the CENTER"), under the Cottman name and under any other trade names, service marks and logos (hereinafter called "Cottman names and marks") presently used, or which may hereafter be used in the operation of the business.

If OPERATOR learns of any actual or threatened infringement or piracy of the Cottman names and marks, trade secrets, methods, procedures or techniques used in the SYSTEM (the "Infringement") or of any infringement or piracy claim made against OPERATOR by a party other than COTTMAN ("Third Party Claim"), OPERATOR shall immediately notify COTTMAN in writing of the Infringement or Third Party Claim. COTTMAN shall in the exercise of its sole discretion determine what action, if any, to take with respect to the foregoing and shall bear the expense of any such action. OPERATOR agrees to be named party and to give his full cooperation in such action if so requested by COTTMAN. If OPERATOR is named as a party in any legal proceeding brought by a party other than COTTMAN for infringement of trade names, trademarks, service marks, copyrights or trade secrets, based upon OPERATOR's use of the Cottman names and marks, any such proceeding shall be defended in the name of OPERATOR by and at the expense of COTTMAN.

13. Customer Warranties.

OPERATOR recognizes that it is in the mutual best interest of OPERATOR and other operators participating in the SYSTEM for COTTMAN to establish uniform guarantees and warranties for labor and parts throughout the SYSTEM. OPERATOR therefore agrees to offer customers of the CENTER such guarantees and warranties as may from time to time be prescribed by COTTMAN, and no others, and to honor customer complaints made within the applicable guarantee or warranty period arising from work performed at any other CENTER. OPERATOR acknowledges that such guarantees and warranties are made to the customer by OPERATOR and not by COTTMAN, and that COTTMAN shall not be responsible for reimbursing any CENTER for work performed by any other CENTER. OPERATOR shall be entitled to be reimbursed by the operator of the CENTER which originally guaranteed or warranted the work for the cost of any automotive supplies, accessories, replacement parts and labor performed in satisfaction of such guarantee or warranty. OPERATOR shall fully comply with all of the policies and procedures concerning intercenter warranties as set forth from time to time in the Operator's Manual, as referred to in section 6 of this Agreement.

14. Telephone Service.

OPERATOR acknowledges that all telephone numbers and directory listings for the CENTER are the property of COTTMAN and that COTTMAN has the sole and exclusive right and authority to transfer, terminate and amend such telephone numbers and directory listings as COTTMAN, in its sole discretion, deems appropriate. In the event COTTMAN takes any action pursuant to this section 14, the telephone company and all listing agencies, without liability to OPERATOR may accept this Agreement and the directions by or on behalf of COTTMAN as conclusive of the exclusive rights of COTTMAN in such telephone numbers and directory listings and its authority to direct their amendment, termination or transfer.

15. Signs.

OPERATOR shall erect outside and inside signs of such size and construction as directed by COTTMAN. No other signs may be erected or used. The outside signs shall be leased from COTTMAN for the term of this Agreement pursuant to terms and provisions as set forth on a separate Lease Agreement attached hereto as Appendix B or may be leased or purchased from any other supplier upon written approval by COTTMAN. In the event OPERATOR purchases any sign from COTTMAN or leases or purchases any sign from a supplier other than COTTMAN, OPERATOR acknowledges and agrees that COTTMAN shall have exclusive control of the use and display of all sign faces bearing the Cottman name or marks.

16. Restrictions on Change of Ownership.

a. All rights and interests of OPERATOR arising from this Agreement are personal to OPERATOR and except as otherwise provided in this section 16, OPERATOR shall not, without COTTMAN's prior written consent, voluntarily or involuntarily, by operation of law or otherwise, sell, assign, transfer or encumber his interest in this Agreement, and/or in the license granted hereby, or in the lease for the premises at which the CENTER is located, and any purported sale, assignment, transfer or encumbrances shall be null and void.

b. OPERATOR may assign this Agreement to a corporation in which OPERATOR owns a majority of the voting control and equity, provided that:

This Agreement and all related agreements have been entered into in the Commonwealth of Pennsylvania and any matter whatsoever which arises out of or is connected in any way with the Agreement or the franchise shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Pennsylvania.

a. With respect to any legal proceedings arising out of or connected in any way to this Agreement or the franchise, OPERATOR and COTTMAN consent to the jurisdiction and venue of any court of general jurisdiction of Montgomery County, Pennsylvania or the United States District Court for the Eastern District of Pennsylvania, and any legal proceedings arising out of this Agreement shall be brought only in such courts and the parties further agree that the mailing (by certified mail, return receipt requested) to such party's last known address of any process shall constitute lawful and valid process.

b. In the event OPERATOR institutes legal proceedings in any court other than those specified, he shall assume all of COTTMAN's costs in connection therewith, including but not limited to, reasonable counsel fees.

### 29. JURY WAIVER

OPERATOR AND COTTMAN HEREBY AGREE THAT THEY SHALL AND HEREBY DO WAIVE TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM, WHETHER AT LAW OR IN EQUITY, BROUGHT BY EITHER OF THEM, OR IN ANY MATTER WHATSOEVER WHICH ARISES OUT OF OR IS CONNECTED IN ANY WAY WITH THIS AGREEMENT OR ITS PERFORMANCE.

### 30. Entire Agreement.

This instrument contains the entire agreement of the parties, and supersedes, cancels, and revokes any and all other agreements between the parties relating to the subject matter of this Agreement. There are no representations or warranties, either oral or written, except those contained in this Agreement. Except as set forth in Section 6.c., this Agreement may be modified only by an agreement in writing signed by the party against whom enforcement of such modification is sought.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement under seal on the date first above written.

WITNESS:                                    COTTMAN TRANSMISSION SYSTEMS, INC.

_Eileen Y. Burke_                           BY: _Todd P. Leff_ _____(SEAL)
                                                 Todd P. Leff, President

WITNESS: _Laura Long_                       OPERATOR:
                                            _David Faulkner_ _____(SEAL)
                                                 David Faulkner

WITNESS: _Laura Long_                       OPERATOR: _Robyn Faulkner_ _____(SEAL)
                                                 Robyn Faulkner

WITNESS:                                    OPERATOR:

_____                     _____(SEAL)

| DATE | START | RECEIVER | TX TIME | PAGES | TYPE | NOTE | M# | DP |
|------|-------|----------|---------|-------|------|------|----|----|
| MAY-28 | 01:35 PM | 12144642250 | 4'02" | 7 | SEND | OK | 891 | |

TOTAL : 4M 2S PAGES: 7

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

# Cottman Transmission Systems, LLC

240 NEW YORK DRIVE
FORT WASHINGTON, PA 19034
TELEPHONE: (215) 643-5885
FAX: (215) 643-2519

LEGAL DEPARTMENT TELEFAX

WILLIAM B. JAMESON, GENERAL COUNSEL
ALAN L. POLINER, ASSOCIATE COUNSEL
EILEEN J. BURKE, MARKETING AND LICENSING COORDINATOR
LAURA S. LONG, LEGAL SECRETARY

TO:       Timothy Whitley, Esquire

FAX #     214-464-2250

FROM:     Alan Poliner, Esquire

# Cottman Transmission Systems, LLC

240 NEW YORK DRIVE
FORT WASHINGTON, PA  19034
TELEPHONE: (215) 643-5885
FAX: (215) 643-2519

LEGAL DEPARTMENT TELEFAX

WILLIAM B. JAMESON, GENERAL COUNSEL
ALAN L. POLINER, ASSOCIATE COUNSEL
EILEEN J. BURKE, MARKETING AND LICENSING COORDINATOR
LAURA S. LONG, LEGAL SECRETARY

TO:        Timothy Whitley, Esquire

FAX #      214-464-2250

FROM:      Alan Poliner, Esquire

DATE:      May 28, 2002

RE:        Granbury, TX

You should receive 7 page(s), including this cover sheet.  If you experience any problems with
this transmission, please call (215) 643-5885.



IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

COTTMAN TRANSMISSSION SYSTEMS, LLC  :
    and                            :
COTTMAN TRANSMISSION        :
  COMMUNICATIONS, CORP.      :
          Plaintiffs,      :
                            :
      v.                   :      No.
DAVID FAULKNER;            :
ROBYN FAULKNER;            :
TOOGS & DEENIE, INC.; and   :
SOUTH WESTERN BELL TELEPHONE CO.   :
          Defendants.      :

## TEMPORARY RESTRAINING ORDER

     AND NOW, this ___ day of _____, 2002, upon Plaintiffs' Petition For Temporary

Restraining Order And/Or Preliminary Injunction Against Defendants, and after a duly noticed

conference and the Court having determined that temporary relief to Plaintiffs is warranted

pending a hearing on Plaintiffs' Petition for Preliminary Injunction, it is hereby ORDERED and

DECREED that Plaintiffs' Petition for a TEMPORARY RESTRAINING ORDER is

GRANTED.  Defendants are hereby enjoined as follows:

     1)     All Defendants are enjoined from interfering with Plaintiffs' right to direct and

control the Telephone Account for the telephone numbers (817) 579-8664, (817) 573-0275,

(817) 573-0414 and (817) 579-7033;

     2)     Defendant South Western Bell Telephone Company is Ordered to transfer control

of the Telephone Account for the for the telephone numbers (817) 579-8664, (817) 573-0275,

(817) 573-0414 and (817) 579-7033 to Cottman Transmission Communications Corp. within two

business days of the date of this Order;

     3)     Defendants Mr. & Mrs. Faulkner and Toogs & Deenie, Inc. are Ordered to

transfer control of the Telephone Account for the for the telephone numbers (817) 579-8664, (817) 573-0275, (817) 573-0414 and (817) 579-7033 to Cottman Transmission Communications Corp. within two business days of the date of this Order; and

        4)      Defendants Mr. & Mrs. Faulkner and Toogs & Deenie, Inc. are enjoined from further use of the Cottman advertised Telephone Account for the telephone numbers (817) 579-8664, (817) 573-0275, (817) 573-0414 and (817) 579-7033, as well as use of Cottman's marks and other similar and confusing marks.

        IT IS FURTHER ORDERED that Plaintiffs shall post a bond, or escrow account with the Prothonotary, in the amount of $_____ .

        IT IS FURTHER ORDERED that this Order shall remain in full force and effect until further Order of this Court.

        IT IS FURTHER ORDERED that the Court Administrator shall schedule a preliminary injunction hearing as soon as reasonably practical.

BY THE COURT:

_____
                                 J.

**IN THE COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, PENNSYLVANIA**
**CIVIL ACTION - LAW**

```
COTTMAN TRANSMISSSION SYSTEMS, LLC  :
        and                         :
COTTMAN TRANSMISSION                :
   COMMUNICATIONS, CORP.            :
              Plaintiffs,           :
                                    :
        v.                          :    No.
DAVID FAULKNER;                     :
ROBYN FAULKNER;                     :
TOOGS & DEENIE, INC.; and           :
SOUTH WESTERN BELL TELEPHONE CO.    :
              Defendants.           :
```

## PRELIMINARY INJUNCTION ORDER

AND NOW, this ___ day of _____ , 2002, upon Plaintiffs' Petition For Temporary

Restraining Order And/Or Preliminary Injunction Against Defendants, and after a duly noticed

hearing, and the Court having determined : (1) that Plaintiffs have shown a reasonable

probability of success on the merits of its claims against Defendants; (2) that Plaintiffs will

suffer irreparable harm if the requested relief is not granted; (3) that Plaintiffs do not have an

adequate remedy at law; (4) that greater injury will be inflicted upon Plaintiffs by a denial of

preliminary injunctive relief than will be inflicted upon the Defendants by the granting of such

relief; and (5) that the public's interest will be served, it is hereby ORDERED and DECREED

that Plaintiffs' Petition for a PRELIMINARY INJUNCTION is GRANTED.  Defendants are

hereby enjoined as follows:

1)       All Defendants are enjoined from interfering with Plaintiffs' right to direct and

control the Telephone Account for the telephone numbers (817) 579-8664, (817) 573-0275,

(817) 573-0414 and (817) 579-7033;

2)       Defendant South Western Bell Telephone Company is Ordered to transfer control

I:\ADV\USERS\USERS\USERS\WILL\LITIGA\FAULKNER\INJ_PET.DOC

of the Telephone Account for the for the telephone numbers (817) 579-8664, (817) 573-0275, (817) 573-0414 and (817) 579-7033 to Cottman Transmission Communications Corp. within two business days of the date of this Order;

3)    Defendants Mr. & Mrs. Faulkner and Toogs & Deenie, Inc. are Ordered to transfer control of the Telephone Account for the for the telephone numbers (817) 579-8664, (817) 573-0275, (817) 573-0414 and (817) 579-7033 to Cottman Transmission Communications Corp. within two business days of the date of this Order;  and

4)    Defendants Mr. & Mrs. Faulkner and Toogs & Deenie, Inc. are enjoined from further use of the Cottman advertised Telephone Account for the telephone numbers (817) 579-8664, (817) 573-0275, (817) 573-0414 and (817) 579-7033, as well as use of Cottman's marks and other similar and confusing marks.

IT IS FURTHER ORDERED that Plaintiffs shall post a bond, or escrow account with the Prothonotary, in the amount of $_____.

IT IS FURTHER ORDERED that this Order shall remain in full force and effect until further Order of this Court.

BY THE COURT:

_____
                                    J.

**COTTMAN TRANSMISSION SYSTEMS, LLC**
**COTTMAN TRANSMISSION COMMUNICATIONS CORP.**
**WILLIAM B. JAMESON, ESQUIRE**                    **Attorneys for Plaintiffs**
**ALAN POLINER, ESQUIRE**
**Attorney I.D. No.s 58949/81876**
**240 New York Drive**
**Fort Washington, PA 19034**
**(215) 643-5885**

**IN THE COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, PENNSYLVANIA**
**CIVIL ACTION – LAW**

COTTMAN TRANSMISSSION SYSTEMS, LLC   :
    and                            :
COTTMAN TRANSMISSION              :
  COMMUNICATIONS, CORP.           :
           Plaintiffs,            :
                            :       No.   O2 - 10798
     v.                       :
DAVID FAULKNER;                  :
ROBYN FAULKNER;                  :
TOOGS & DEENIE, INC.; and           :
SOUTH WESTERN BELL TELEPHONE CO.  :
         Defendants.               :

**PLAINTIFFS' PETITION FOR TEMPORARY RESTRAINING**
**ORDER AND/OR PRELIMINARY INJUNCTION AGAINST DEFENDANTS**

Plaintiffs Cottman Transmission Systems, LLC ("Cottman") and Cottman Transmission

Communications Corp. ("Cottman Communications"), by and through their undersigned

counsel, hereby petition this Court for equitable relief as Plaintiffs have sustained, and will

continue to sustain, irreparable injury as a direct result of the intentional conduct of the

Defendants, David Faulkner ("Mr. Faulkner"), Robyn Faulkner ("Mrs. Faulkner"), Toogs &

Deenie, Inc. (T&D) and South Western Bell Telephone Company ("SWB"),, and hereby

specifically request a Temporary Restraining Order and Preliminary Injunction enjoining the Defendants from continuing such conduct, and in support thereof, avers as follows:

1.     This case initially arose from the collection efforts of Cottman, as franchisor, against the Mr. and Mrs. Faulkner and T&D, as franchisees, for failure to pay fees due and owing as a result of operating a Cottman Transmission Center located in Granbury, Texas ("Center").

2.     Simultaneous with the filing of this Petition, Plaintiffs filed their Complaint against the Defendants in this matter. See copy of Complaint attached to hereto at Exhibit "1".

3.     As detailed in the Complaint, Defendants Mr. and Mrs. Faulkner and T&D have openly reneged on their License Agreement obligations owed to Cottman and have ceased all communications with Cottman.

4.     Pursuant to a letter dated May 3, 2002, Cottman placed Defendants Mr. and Mrs. Faulkner and T&D on notice that they were being held in breach of the License Agreement. The letter further informed the Defendants that unless the breach was cured, the License Agreement would be subject to termination.  See Letter attached to Complaint at Exhibit "B".

5.     Although Defendants Mr. and Mrs. Faulkner and T&D have openly abandoned all of their obligations under the License Agreement, they continue to operate the Center as a transmission repair business and hold themselves out to the public as "Cottman Transmission".

6.     Cottman has developed substantial goodwill in connection with its use of the Cottman marks, such that the marks have acquired a secondary meaning indicating that the services associated with them are provided by Cottman, either directly or through licensees.

7.     By its methods of operating, its superior services, the excellence of its services, and by the substantial expenditure of resources that support its marks, Cottman has generated a

valuable reputation for the aforesaid marks.

8.    In that the Faulkners and T&D are operating the Center outside of their License Agreement obligations and are no longer communicating with Cottman, Cottman cannot police or control the services being provided to the public from the Center that continues to do business as "Cottman Transmission".

9.    Nevertheless, the Defendants are using Cottman's marks and have exploited and continue to exploit the goodwill associated with the marks. The Defendants are continuing to use Cottman's marks in an unlawful manner.

10.    The Defendants' use of Cottman's marks and other materials identified with Cottman's marks is likely to cause, and has caused, confusion to the public as to the origin of the Defendants' services and their association with Cottman's marks. See Affidavit of Robert Wentz attached hereto and made a part hereof at Exhibit "2".

11.    As the exclusive owner of the Cottman trademarks, Cottman utilizes its affiliated company, Cottman Communications, to set up and maintain telephone lines and Yellow Page listings, which advertise the Cottman trademarks for its Cottman Transmission Centers. See Paragraph 11 of License Agreement attached to Complaint at Exhibit "A".

12.    The telephone numbers for the Center are (817) 579-8664, (817) 573-0275, (817) 573-0414 and (817) 579-7033 (the "Telephone Account").

13.    Defendants have wrongfully transferred control of the Telephone Account away from Plaintiffs' and its third party telephone service provider, to Defendants Mr. and Mrs. Faulkner and T&D and Defendant SWB. See Affidavit of Christy Wilson attached hereto and made a part hereof at Exhibit "3".

14.    Plaintiffs, through their Complaint and this Petition, seek injunctive relief from

this Court to: enjoin Defendant SWB to change the Telephone Account back into the name of

Cottman Communications; enjoin Defendants Mr. and Mrs. Faulkner and T&D to transfer the

Telephone Account back into the name of Cottman Communications; to enjoin Defendants from

interfering with Plaintiffs' right to direct and control the Telephone Account for the Center; and

to enjoin Defendants Mr. and Mrs. Faulkner and T&D from further unauthorized use of the

Cottman advertised Telephone Account as well as Cottman's marks or other similar and

confusing marks.

      15.    Cottman's claims against Defendants are clear and reasonably likely to succeed

on their merits. Specifically:

      (a)    Defendants Mr. and Mrs. Faulkner and T&D have openly reneged on their

License Agreement obligations owed to Cottman and have ceased all communications with

Cottman;

      (b)    Defendants Mr. and Mrs. Faulkner and T&D are competing against

Cottman in an improper, unfair and unlawful manner, and in breach of the License Agreement;

and

      (c)    Defendants Mr. and Mrs. Faulkner and T&D are advertising their

competing businesses using Cottman's trademark and unfairly benefiting from Cottman's good

will.

      (d)    Defendant SWB transferred the telephone account from Cottman's third

party service provider to SWB without authorization from Cottman Communications, the

account holder.

      (e)    Defendant SWB has willfully refused Plaintiffs' requests to re-assign

control of the Telephone Account to Cottman Communications, despite being provided with

relevant documentation.

16.    Plaintiffs have suffered and will continue to suffer immediate and irreparable harm by being wrongfully deprived control of the Telephone Account for the Center. The Center sells transmission services to the retail public and are advertised and known to the community as "Cottman". The good will and reputation associated with Cottman's trademark is being irreparably damaged by virtue of Defendants Mr. & Mrs. Faulkner's and T&D's wrongful and continued use of Cottman's good will and reputation, to benefit their competing businesses operating from the Center location.

17.    Cottman has approximately forty (40) franchise locations in the Texas market, and other franchisees in this market are very much aware of the continuing wrongful conduct of Mr. & Mrs. Faulkner and T&D; and Plaintiffs' inability to date to bring these rogue operators into compliance.

18.    Without judicial intervention, Plaintiffs will incur immediate and irreparable harm to its franchise systems and the goodwill behind its trademarks, as Cottman customers are being misled about the nature and origin of the transmission services they are receiving from the Center

19.    Further, Cottman is in grave danger of having other franchisees break away from the Cottman system in the Texas market.

20.    Greater injury will result from the denial of an injunction than from the grant of an injunction in that an injunction will merely restore the status quo and allow the Center to operate as Cottman Transmission Centers in accordance with the terms of the License Agreements at issue.

21.    The public interest will be served by enjoining Defendants as customers will not

be misled about the nature and origin of the transmission services they are receiving from the Center.

22.    The injunctive relief requested will restore or maintain the status quo between the Plaintiffs and Defendants Mr. & Mrs. Faulkner and T&D as it existed immediately prior to the Defendants' wrongful conduct.

23.    At this time, Plaintiffs have no desire to terminate or switch the Telephone Account away from Defendant SWB, thus the status quo as to SWB will be maintained, although the customer will be changed to the rightful accountholder.

24.    The activities sought to be restrained are actionable and the injunction requested is reasonably suited to abate such activities.

25.    Plaintiffs' right to recovery is clear and the alleged wrong is manifest.

WHEREFORE, Plaintiffs Cottman Transmission Systems, LLC and Cottman Transmission Communications Corp. request, pursuant to Pa. R.C.P. 1531, that a temporary restraining order be granted forthwith with a preliminary injunction to follow in order to preserve the status quo until such time as this Court finally determines the rights of each party, by enjoining:

1)    All Defendants from interfering with Plaintiffs' right to direct and control the Telephone Account for the Center;

2)    Defendant SWB to transfer control of the Telephone Account for the Center to Cottman Transmission Communications Corp.;

3)    Defendants Mr. & Mrs. Faulkner and T&D to transfer control of the Telephone Account for the Center to Cottman Transmission Communications Corp.;

4)    Defendants Mr. & Mrs. Faulkner and T&D from further use of the Cottman

advertised Telephone Account as well as Cottman's marks and other similar and confusing

marks; and

5)    such other relief as this Court deems just and proper.

6/11/02

DATE

Respectfully submitted,

William B. Jameson, Esquire
George Raleigh, Esquire
Attorneys for Cottman Transmission Systems, LLC
Cottman Transmission Systems, LLC
240 New York Drive
Fort Washington, PA  19034
(215) 643-5885

I:\ADV\USERS\USERS\USERS\WILL\LITIGA\FAULKNER\INJ_PET.DOC

COTTMAN TRANSMISSION SYSTEMS, LLC
COTTMAN TRANSMISSION COMMUNICATIONS CORP.
WILLIAM B. JAMESON, ESQUIRE          **Attorneys for Plaintiffs**
ALAN POLINER, ESQUIRE
Attorney I.D. No.s 58949/81876
240 New York Drive
Fort Washington, PA 19034
(215) 643-5885

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

| | | |
|---|---|---|
| COTTMAN TRANSMISSSION SYSTEMS, LLC | : | |
| and | : | |
| COTTMAN TRANSMISSION | : | |
| COMMUNICATIONS, CORP. | : | |
| Plaintiffs, | : | |
| v. | : | No. |
| DAVID FAULKNER; | : | |
| ROBYN FAULKNER; | : | |
| TOOGS & DEENIE, INC.; and | : | |
| SOUTH WESTERN BELL TELEPHONE CO. | : | |
| Defendants. | : | |

**VERIFICATION**

    I, Todd P. Leff, verify that I am the President of Cottman Transmission Systems, LLC

and Cottman Transmission Communications Corp., Plaintiffs in this action, and as such am

authorized to make this verification on Plaintiffs' behalf. I verify that the statements made in the

foregoing Petition For Temporary Restraining Order And/Or Preliminary Injunction Against

Defendants are true and correct to the best of my knowledge, information and belief. I

understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. Section

4904, relating to unsworn falsification to authorities.

Date: 6/11/02                                          
                                            Todd P. Leff, President

1

WILLIAM B. JAMESON, ESQUIRE
ALAN L. POLINER, ESQUIRE
Attorney I.D. #58949/#82108
240 New York Drive
Fort Washington, PA 19034
(215) 643-5885

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

COTTMAN TRANSMISSION SYSTEMS, LLC        :
240 New York Drive                       :
Fort Washington, PA 19034                :
        and                              :
COTTMAN TRANSMISSION                     :
  COMMUNICATIONS CORP.                    :
240 New York Drive                       :
Fort Washington, PA  19034               :
                                         :
           Plaintiffs,                   :
                                         :
      v.                                 :
                                         :
DAVID FAULKNER                           :        No.
7216 Pawnee Trail                        :
Fort Worth, TX 76135                     :
        and                              :
ROBYN FAULKNER                           :
7216 Pawnee Trail                        :
Fort Worth, TX 76135                     :
        and                              :
TOOGS & DEENIE, INC.                     :
3611 E. Highway 377                      :
Granbury, TX 76049                       :
        and                              :
SOUTH WESTERN BELL TELEPHONE CO.         :
208 S. Akard Street                      :
1 SBC Plaza, Suite 2950                  :
Dallas, TX 75202                         :
                                         :
           Defendants.                   :

## N O T I C E

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Reference Service
100 West Airy Street
Norristown, Pennsylvania 19401
Telephone (610) 279-9660

I:\ADV\USERS\USERS\USERS\WILL\LITIGA\FAULKNER\NOTICE.DOC

COTTMAN TRANSMISSION SYSTEMS, LLC
COTTMAN TRANSMISSION COMMUNICATIONS CORP.
WILLIAM B. JAMESON, ESQUIRE                    **Attorneys for Plaintiff**
ALAN POLINER, ESQUIRE
Attorney I.D. No.s 58949/81876
240 New York Drive
Fort Washington, PA 19034
(215) 643-5885

## IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, PENNSYLVANIA
## CIVIL ACTION - LAW

| | |
|---|---|
| COTTMAN TRANSMISSSION SYSTEMS, LLC : | |
| 240 New York Drive : | |
| Fort Washington, PA 19034 : | |
|     and : | |
| COTTMAN TRANSMISSION : | |
|   COMMUNICATIONS CORP. : | |
| 240 New York Drive : | |
| Fort Washington, PA 19034 : | |
|       Plaintiffs, : | |
|    v. : | |
| : | No. |
| DAVID FAULKNER : | |
| 7216 Pawnee Trail : | |
| Fort Worth, TX  76135 : | |
|     and : | |
| ROBYN FAULKNER : | |
| 7216 Pawnee Trail : | |
| Fort Worth, TX  76135 : | |
|     and : | |
| TOOGS & DEENIE, INC. : | |
| 3611 E. Highway 377 : | |
| Granbury, TX  76049 : | |
|     and : | |
| SOUTH WESTERN BELL TELEPHONE CO. : | |
| 208 S. Akard Street : | |
| 1 SBC Plaza, Suite 2950 : | |
| Dallas, TX  75202 : | |
|     Defendants. : | |

## COMPLAINT

Plaintiffs, Cottman Transmission Systems, LLC ("Cottman") and Cottman Transmission

1

Communications Corp.("Cottman Communications"), by and through their undersigned counsel, hereby complain against Defendants, David Faulkner ("Mr. Faulkner"), Robyn Faulkner ("Mrs. Faulkner"), Toogs & Deenie, Inc. (T&D) and South Western Bell Telephone Company ("SWB"), as follows:

## The Parties

1.      Plaintiff, Cottman, is a Delaware limited liability company duly registered to do business in the Commonwealth of Pennsylvania, with its principal place of business located at 240 New York Drive, Fort Washington, Pennsylvania, 19034.

2.      Plaintiff, Cottman Communications, is an affiliated company of Cottman, and is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania and is duly registered to do business in the Commonwealth of Pennsylvania, with its principal place of business located at 240 New York Drive, Fort Washington, Pennsylvania, 19034.

3.      Defendants Mr. and Mrs. Faulkner are husband and wife residing at 7216 Pawnee Trail, Fort Worth, TX 76135 and maintain a business address at 3611 E. Highway 377, Granbury, TX 76049.

4.      Defendant T&D is a Texas corporation with its principal place of business located at 3611 E. Highway 377, Granbury, TX 76049.

5.      Defendant SWB, upon information and belief, is a corporation organized and existing under the laws of Texas with a principal place of business located at 208 S. Akard Street, 1 SBC Plaza, Suite 2950, Dallas, TX 75202.

## The Contract Relationship

6.      On or about July 14, 1999, Defendants Mr. and Mrs. Faulkner and Plaintiff

Cottman entered into a License Agreement enabling the Faulkner Defendants to own and operate a Cottman Transmission Center located at 3611 E. Highway 377, Granbury, TX 76049 ("Center"). A true and correct copy of said License Agreement is attached hereto and made a part hereof as Exhibit "A".

7.       Concomitant with executing the License Agreement, the Faulkner Defendants, individually and on behalf of Defendant T&D, entered into an agreement with Plaintiff whereby the License Agreement was assigned to Defendant T&D, who agreed to assume and become liable for the obligations of the Faulkner Defendants. A true and correct copy of the said Transfer of License is attached to the License Agreement at Exhibit "A".

8.       The Transfer of License additionally provides that notwithstanding the transfer to Defendant T&D, the Faulkner Defendants shall remain personally liable to Plaintiff Cottman under the terms of the License Agreement.

### The Faulkners and T&D Materially Breach the License Agreement

9.       Since becoming licensees of Plaintiff Cottman, the Faulkners and T&D have breached their License Agreement with Cottman by refusing to report sales and pay fees due and owing to Cottman.

10.      Notwithstanding the repeated requests of Cottman, the Faulkners and T&D have refused and continue to refuse to report Center sales or pay the continuing fees owed to Cottman arising from the operation of the Center.

11.      The Faulkners and T&D have also refused and continue to refuse to respond to Cottman's attempts to communicate with them or confirm compliance with Cottman operational requirements.

12.     The Faulkners and T&D are rogue operators using Cottman's trademarks and good will while, at the same time, refusing to abide by the License Agreement or work within the Cottman System.

13.     In a letter dated May 3, 2002, Cottman provided formal notice to the Faulkners and T&D that they were in breach of the License Agreement and that Cottman intended to terminate their License Agreement if the breaches were not cured within ten (10) days. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "B".

14.     In response, the Faulkners and T&D have refused to comply and cure their breaches of the License Agreement.

**Defendants Wrongfully Deprive Plaintiffs from
Control of Cottman's Advertised Telephone Listings**

15.     The Faulkners and T&D, together with Defendant SWB, have deprived Plaintiffs from control over their Cottman advertised telephone lines running to the Center.

16.     Cottman is the exclusive owner of the Cottman trademarks and utilizes its affiliated company, Cottman Communications, to set up and maintain telephone lines and Yellow Page listings, which advertise the Cottman trademarks for its Cottman Transmission Centers. See Paragraph 11 of License Agreement attached hereto at Exhibit "A".

17.     In order to police and control the Cottman trademarks and good will, Cottman required, as a condition of issuing a License Agreement, that the Faulkners and T&D recognize and agree that Plaintiffs are the exclusive owner of the telephone account for the Cottman telephone lines running to the Center and advertised in Yellow Pages directory listings.

18.     Specifically, Paragraph 14 of the License Agreement provides that "COTTMAN has the sole and exclusive right and authority to transfer, terminate and amend such telephone

numbers and directory listings as COTTMAN, in its sole discretion, deems appropriate. In the event COTTMAN takes any action pursuant to this section 14, the telephone company and all listing agencies, without liability to OPERATOR may accept this Agreement and the directions by or on behalf of COTTMAN as conclusive of the exclusive rights of COTTMAN in such telephone numbers and directory listings and its authority to direct their amendment, termination or transfer." See Paragraph 14 of License Agreement attached hereto at Exhibit "A".

19.    Before the Center even opened, on or about September 14, 2000, Plaintiff Cottman Communications, at the request of Cottman, set up the main telephone number with Defendant SWB for the Center, and placed advertisements using the said telephone number in local Yellow Pages directories prominently displaying Cottman trademarks.

20.    Thereafter, on or about July 24, 2001, when the Center was about to open, Plaintiff Cottman Communications, at the request of Cottman, set up the roll over telephone numbers with Defendant SWB for the Center.

21.    The telephone numbers for the Center, which were set up by Cottman Communications with SWB, were and remain to be 817-579-8664, 817-573-0275, 817-573-0413 and 817-579-7033.

22.    The telephone account was set up in the name of Cottman Communications, who has maintained Yellow Pages advertising for the Center using the telephone numbers it set up ever since.

23.    As part of the transaction, Defendant SWB required that all telephone lines and Yellow Page charges for the Center be in Cottman Communications' name and that Cottman Communications be financially responsible for the said telephone lines to Defendant SWB.

24.     As a further part of the transaction, Cottman Communications and SWB agreed that a password would be maintained for the account, and SWB agreed to refuse access to the account to anyone other than certain key personnel of Plaintiffs who provide the password when prompted by SWB's telephone representative.

25.     On or about October 10, 2001, Cottman Communications, at the request of Cottman, switched service for the telephone numbers away from SWB to a third party telephone company with whom Cottman had negotiated better rates and services.

26.     On or about April 19, 2002, after the Faulkners and T&D had breached the License Agreement with Cottman as heretofore described, Cottman Communications contacted its new telephone service provider to have the Center telephone lines redirected to another Cottman location only to find that the Defendants had previously, without Plaintiffs' authorization, switched service for the Cottman telephone lines back to SWB.

27.     Specifically, on or about November 15, 2001, Defendants secretly slammed the telephone account away from Plaintiffs' third party telephone service provider and back to Defendant SWB who then wrongfully changed the account into the name of the Faulkners.

28.     Further, the Faulkners had instructed SWB to block any efforts of Plaintiffs to assert any control over the Cottman telephone numbers.

29.     Accordingly, when Cottman Communications contacted SWB on or about April 19, 2002 to have the telephone account put back into the name and control of Cottman Communications, Defendant SWB refused after consulting with the Faulkners.

30.     Thereafter, Plaintiffs continued to assert their claim to the Cottman telephone account and provided Defendant SWB with supporting documentation.

31.     In a letter dated May 28, 2002, from Plaintiffs' legal department to the legal department of Defendant SWB, Plaintiffs demanded that the account be placed back into Cottman Communications name. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "C".

32.     Notwithstanding the repeated demands of Plaintiffs, Defendants continue to refuse to switch the telephone account back into Cottman Communications' name and control.

33.     Meanwhile, Defendants Mr. and Mrs. Faulkner and T&D continue to openly refuse to report Center sales, pay continuing license fees, pay continuing advertising fees or otherwise communicate with Plaintiffs about the operation of the Cottman Center.

34.     As a direct result of Defendants' continuing wrongful conduct, Cottman cannot police or control the services being provided to the public from the Center that continues to do business as Cottman Transmission.

35.     Texas is a major market for Cottman. Specifically, Cottman has approximately forty (40) franchise locations in Texas.

36.     Other franchisees in the Texas market are very much aware of: (1) the aforementioned continuing wrongful conduct of the Faulkners and T&D; and (2) Plaintiffs inability to date to bring these rogue operators into compliance.

37.     Without judicial intervention, Plaintiffs will incur immediate and irreparable harm to its franchise system and the good will behind its trademarks.

## COUNT I
### Breach of License Agreement - Failure to Submit Reports
### Cottman v. Mr. and Mrs. Faulkner and T&D

38.     Plaintiffs incorporate paragraphs 1 through 37 above as though set forth at length

herein.

39.     Pursuant to Paragraphs 8 and 9 of the License Agreement, Defendants Mr. and Mrs. Faulkner and T&D agreed to submit to Cottman reports and financial statements each week disclosing the Center's gross weekly sales.

40.     Defendants Mr. and Mrs. Faulkner and T&D have, as of week ending May 25, 2002, failed to comply with Paragraphs 8 and 9 of the License Agreement, neglecting and refusing to remit weekly business statements for the weeks ending April 27, 2002 through May 25, 2002.

41.     By the terms of the License Agreement, there are due and owing to Cottman continuing license and advertising fees for the aforementioned, unreported weeks.

42.     All of the books, papers and accounts are in the sole custody and control of Defendans and Cottman has no way of ascertaining the amount actually owed under the License Agreement but approximates the amount as of the date of the Complaint to be One thousand eight hundred dollars ($1,800.00) in continuing license fees based on verbal weekly sales figures provided by Defendants Mr. and Mrs. Faulkner and T&D. Additionally, the sum of Three thousand two hundred thirty seven dollars and fifty cents ($3,237.50) in unpaid, continuing advertising fees, is due and owing to Plaintiff from Defendants Mr. and Mrs. Faulkner and T&D for the unreported weeks.

43.     As Defendants Mr. and Mrs. Faulkner and T&D have refused to submit weekly business reports, Cottman will incur auditing fees to verify the amount of license and advertising fees owing to Cottman from other records and sources.

44.     The License Agreement provides in Paragraph 22 that in the event collection proceedings are required in connection with the License Agreement, Defendants are liable to

Cottman for all expenses incurred in connection therewith, including legal and auditing expenses.

WHEREFORE, Plaintiff Cottman Transmission Systems, LLC demands judgment in its favor and against Defendants Mr. and Mrs. Faulkner and T&D, jointly and severally, in the amount of Five thousand thirty seven dollars and fifty cents ($5,037.50) together with costs, interest and attorneys fees.

## COUNT II
### Breach of License Agreement - Failure to Pay License Fees
### Cottman v. Mr. and Mrs. Faulkner and T&D

45.    Plaintiffs incorporate paragraphs 1 through 44 above as though set forth at length herein.

46.    Pursuant to Paragraph 8 of the License Agreement, Defendants agreed to pay Plaintiff Cottman weekly, as a continuing license fee, an amount equal to 7½% of the weekly gross business of the Center.

47.    Despite the repeated demands of Plaintiff Cottman, Defendants, as of week ending May 25, 2002, failed and refused and continue to fail and refuse to pay the sum of One thousand seventy eight dollars and thirty ($1,078.30) in continuing license fees, which sum remains due and owing to Plaintiff Cottman.

48.    The License Agreement further provides at Paragraph 22 that in the event that collection proceedings are required in connection with the License Agreement, Defendants are liable to Plaintiff Cottman for all expenses incurred in connection therewith, including legal expenses.

WHEREFORE, Plaintiff Cottman Transmission Systems, LLC demands judgment in its favor and against Defendants Mr. and Mrs. Faulkner and T&D, jointly and severally, in the

amount of One thousand seventy eight dollars and thirty ($1,078.30) together with costs, interest, and attorneys fees.

## COUNT III
### Breach of License Agreement – Failure to Pay Advertising Fees
### Cottman v. Mr. and Mrs. Faulkner and T&D

49.    Plaintiff incorporates paragraphs 1 through 48 above as though set forth at length herein.

50.    Pursuant to Paragraph 9 of the License Agreement, Defendants agreed to pay Plaintiff Cottman a weekly continuing advertising fee.

51.    Despite the repeated demands of Plaintiff Cottman, Defendants, as of week ending May 25, 2002, have failed and refused and continue to fail and refuse to pay the sum of Seven thousand eight hundred two dollars and sixty six cents ($7,802.66) in continuing advertising fees, which sum remains due and owing to Plaintiff.

52.    The License Agreement provides at Paragraph 22 that in the event collection proceedings are required in connection with the License Agreement, Defendants are liable to Plaintiff Cottman for all expenses incurred in connection therewith, including legal expenses.

WHEREFORE, Plaintiff Cottman Transmission Systems, LLC demands judgment in its favor and against Defendants Mr. and Mrs. Faulkner and T&D, jointly and severally, in the amount of Seven thousand eight hundred two dollars and sixty six cents ($7,802.66) together with costs, interest, and attorneys fees.

## COUNT IV
### Breach of License Agreement - Collection Expenses, Charges
### and Attorneys' Fees
### Cottman v. Mr. and Mrs. Faulkner and T&D

53.    Paragraphs 1 through 52 are incorporated by reference as though fully set forth at length herein.

54.    Pursuant to Paragraph 22 of the License Agreement, Defendants agreed to pay all costs incurred by Cottman in the collection of fees as described above, including collection and legal expenses.

55.    As of May 25, 2002, collection expenses and charges in connection with the Center amounted to Three hundred thirty seven dollars and twenty one cents ($337.21).

56.    Cottman has incurred and continues to incur attorneys fees in the pursuit of this action.

WHEREFORE, Plaintiff Cottman Transmission Systems, LLC demands judgment in its favor and against Defendants Mr. and Mrs. Faulkner and T&D, jointly and severally, in the amount of Three hundred thirty seven dollars and twenty one cents ($337.21) in collection expenses and charges plus reasonable attorneys fees.

## COUNT V
### Declaratory Judgment
### Cottman v. Mr. and Mrs. Faulkner and T&D

57.    Paragraphs 1 through 56 are incorporated by reference as though fully set forth at length herein.

58.    Pursuant to 42 Pa.C.S.A. § 7533, this Court has jurisdiction to determine disputes between Plaintiff and Defendants concerning the validity, formation and operation of the License Agreement.

59.    A dispute exists between Cottman and Defendants Mr. and Mrs. Faulkner and T&D as to whether Cottman properly entered into a License Agreement with Defendants,

whether Cottman fulfilled its obligations thereunder, and whether Defendants are in default of the

License Agreement.

60.    Cottman did properly register, sell and enter into the License Agreement with

Defendants and obeyed all applicable laws.  Neither Cottman nor its agents, employees, brokers

or representatives made any misrepresentations or omissions of any material facts in connection

with Defendants entering into the License Agreement.

61.    Cottman has performed all of its obligations under the License Agreement and has

not negligently or willfully caused any damage to Defendants.

62.    Pursuant to Paragraph 18 of the License Agreement, Cottman may terminate the

License Agreement for one or more of the breaches set forth above.

63.    Pursuant to Paragraph 19 of the License Agreement Plaintiff may secure physical

possession of Defendants' Center location upon termination of the License Agreement.

WHEREFORE, Plaintiff Cottman Transmission Systems, Inc. demands a judgment in its

favor and a declaration that the License Agreement is valid, was properly entered into, that

Plaintiff has fulfilled all of its obligations under the License Agreement, that Plaintiff did not

misrepresent and/or omit any material facts, that Plaintiff has not negligently or willfully caused

damage to Defendants Mr. and Mrs. Faulkner and T&D, that Plaintiff may terminate Defendants

under the License Agreement for one or more of the breaches described in the above set forth

Counts of this Complaint, and that Plaintiff may obtain physical control of the Center location.

**COUNT VI**
**Breach of License Agreement – Unauthorized Use of Telephone Account**
**Plaintiffs v. The Faulkners and T&D**

64.    Paragraphs 1 through 63 are incorporated by reference as though fully set forth at

length herein.

65.    Pursuant to Paragraph 14 of the License Agreement, Defendants Mr. and Mrs.

Faulkner and T&D agree that "COTTMAN has the sole and exclusive right and authority to

transfer, terminate and amend such telephone numbers and directory listings as COTTMAN, in its

sole discretion, deems appropriate." See Paragraph 14 of License Agreement attached hereto at

Exhibit "A".

66.    Notwithstanding their agreement that Plaintiffs have exclusive control over the

telephone account, Defendants have knowingly taken wrongful action in material breach of the

License Agreement to deprive Plaintiffs from their rightful control of the telephone account.

67.    Plaintiffs have been damaged and continue to incur damage as a result of

Defendants' wrongful conduct.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendants Mr. and

Mrs. Faulkner and T&D, jointly and severally, in a sum in excess of Fifty thousand dollars

($50,000.00) together with costs, interest and attorneys fees.

## COUNT VII
### Tortious Interference with Contractual Relations
### Plaintiffs v. SWB

68.    Paragraphs 1 through 67 are incorporated by reference as though fully set forth at

length herein.

69.    Defendant SWBhas knowingly and wrongfully tendered to Defendants Mr. and

Mrs. Faulkner and T&D exclusive authority over Plaintiffs' phone account notwithstanding

SWB's knowledge that switching the telephone account for the Center is in direct violation of

Plaintiffs' contractual rights against Defendants Mr. and Mrs. Faulkner and T&D in accordance

with the License Agreement between Plaintiff and Defendants Mr. and Mrs. Faulkner and T&D.

70.    Defendant SWB's wrongful actions were done with the knowledge that Plaintiffs

would be damaged in their business by switching exclusive authority over the phone account to

Defendants Mr. and Mrs. Faulkner and T&D.

71.    Defendant SWB's wrongful actions were done with malice and/or reckless disregard for the contractual rights of Plaintiffs, and Plaintiffs have incurred and will continue to incur damages as a result.

72.    Defendant SWB is liable to Plaintiffs for compensatory and punitive damages.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant SWB in a sum in excess of Fifty thousand dollars ($50,000.00) together with costs, interest and attorneys fees.

## COUNT VIII
### Trademark Infringement - Lanham Act Violations
### Cottman v. The Faulkners and T&D

73.    Cottman incorporates by reference the averments set forth in paragraphs 1 through 72 above as though set forth at length herein.

74.    Cottman is the owner of the Cottman trademarks. Cottman's right to the Cottman trademark was established by the first continuous use of the mark since at least as early as 1962 and by its formal registration of the mark with the United States patent and trademark office. The Plaintiff's marks are incontestable under 15 U.S.C. sec. 1065. The marks are used in interstate and foreign commerce.

75.    Cottman has developed substantial goodwill in connection with its use of the Cottman marks, such that the marks have acquired a secondary meaning indicating that the services associated with them are provided by Cottman, either directly or through licensees.

76.    By its methods of operating, its superior services, the excellence of its services, and by the substantial expenditure of resources that support its marks, Cottman has generated a valuable reputation for the aforesaid marks.

77.     Although Defendants Mr. and Mrs. Faulkner and T&D have openly abandoned all of their obligations under the License Agreement, they continue to operate the Center as a transmission repair business and hold themselves out to the public as "Cottman Transmission".

78.     The Defendants are using Cottman's marks and have exploited and continue to exploit the goodwill associated with the marks. The Defendants are continuing to use Cottman's marks or confusingly similar marks in an unlawful manner.

79.     The Defendats use of Cottman's marks, or confusingly similar marks, and other materials identified with Cottman's marks is likely to cause, and has caused, confusion to the public as to the origin of the Defendants' services and their association with Cottman's marks.

80.     The Defendants' conduct as aforesaid constitutes trademark infringement, unfair competition, palming off, and further subjects Cottman to irreparable harm by inter alia, depriving Cottman of the ability to enjoy the integrity of the goods and services associated with its marks.

81.     Mr. and Mrs. Faulkner and T&D have acted wrongfully, knowingly and purposefully in infringing upon Cottman's rights, with the intent to harm Cottman and deceive customers as to the origin of their services.

WHEREFORE, Cottman requests judgment in its favor and against Defendants Mr. and Mrs. Faulkner and T&D along with an order of injunction enjoining the said Defendants from further unauthorized use of the Cottman advertised telephone account they have wrongfully converted, as well as, Cottman's marks or other similar and confusing mark(s) and, further, demands damages from the said Defendants, jointly and severally, together with costs, interest and attorney fees.

## COUNT IX
## Injunctive Relief
## Plaintiffs v. Defendants

69.    Plaintiffs incorporate by reference the averments set forth in paragraphs 1 through 68 above as though set forth at length herein.

70.    Plaintiffs have suffered, and will continue to suffer, immediate and irreparable harm by being wrongfully deprived of the control of their telephone lines for the Centers, which telephone lines are linked to a Yellow Pages advertisement containing Cottman's trademarks. The damage being caused to Plaintiffs is not readily compensable in monetary damages.

71.    Greater injury will result from the denial of an injunction than from the grant of an injunction.

72.    The injunctive relief requested will restore or maintain the status quo between the parties as it existed immediately prior to the wrongful conduct.

73.    The activities sought to be restrained are actionable and the injunction requested is reasonably suited to abate such activities.

74.    Plaintiffs' right to recovery is clear and the alleged wrong is manifest.

WHEREFORE, Plaintiffs request this Court to issue an order of injunction in Plaintiffs' favor and against Defendants, enjoining Defendant SWB to change the telephone account for telephone numbers (817) 579-8664, (817) 573-0275, (817) 573-0413 and (817) 579-7033 back into the name of Cottman Communications. Request is further made for an order of injunction enjoining Defendants from interfering with Plaintiffs' right to direct and control the telephone account for the Center.

WHEREFORE, based on all Counts, Plaintiffs Cottman Transmission Systems, LLC and Cottman Transmission Communications Corp. demand:

1.      Judgment in favor of Cottman and against Defendants Mr. and Mrs. Faulkner and T&D on Counts I through IV in the amount of Fourteen thousand two hundred fifty five dollars and sixty seven cents ($14,255.67) plus costs, interest and attorney's fees;

2.      Judgment in favor of Cottman and against Defendants Mr. and Mrs. Faulkner and T&D on Count V along with a declaration that: (1) the License Agreement is a valid binding contract; (2) Cottman did not misrepresent or omit any material facts; (3) Cottman has fulfilled its obligations under the License Agreement; (4) Cottman has not negligently or willfully caused damage to Defendants Mr. and Mrs. Faulkner and T&D; (5) Cottman may terminate Defendants Mr. and Mrs. Faulkner and T&D's License for one or more of the breaches set forth in this Complaint; and (6) Cottman may obtain physical control of the Center;

3.      Judgment in favor of Plaintiffs and against Defendants Mr. and Mrs. Faulkner and T&D on Count VI in an amount in excess of Fifty thousand dollars ($50,000.00) plus costs, interest and attorney's fees;

4.      Judgment in favor of Plaintiffs and against Defendant SWB on Count VII in an amount in excess of Fifty thousand dollars ($50,000.00) plus costs, interest and attorney's fees;

5.      Judgment in favor of Plaintiff Cottman and against Defendants Mr. and Mrs. Faulkner and T&D on Count VIII along with an order of injunction enjoining the said Defendants from further unauthorized use of the Cottman advertised telephone account they have wrongfully converted, as well as, Cottman's marks or other similar and confusing mark(s) and, further, demands damages from the said Defendants, jointly and severally, together with costs, interest and

attorney fees

6.    Judgment in favor of Plaintiffs and against all Defendants on Count IX along with an order of injunction in Plaintiffs' favor and against Defendants, enjoining Defendant SWB to change the telephone account for telephone numbers (817) 579-8664, (817) 573-0275, (817) 573-0413 and (817) 579-7033 into the name of Cottman Communications. Additionally, an order of injunction enjoining Defendants from interfering with Plaintiffs' right to direct and control the telephone account for the Center; and

7.    Such other relief as the Court deems just and proper.

Respectfully Submitted,

6/11/02
DATE

William B. Jameson, Esquire
Alan Poliner, Esquire

Attorneys for Plaintiffs
Cottman Transmission Systems, Inc.
Cottman Transmission Communications Corp.
240 New York Drive
Fort Washington, PA 19034
(215) 643-5885

WILLIAM B. JAMESON, ESQUIRE
ALAN C. POLANER ESQUIRE Document 1-2     Filed 07/02/2002     Page 44 of 50
Attorney I.D. #58949/#82108
240 New York Drive
Fort Washington, PA 19034
(215) 643-5885

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION - LAW

COTTMAN TRANSMISSION SYSTEMS, LLC     :
240 New York Drive                    :
Fort Washington, PA 19034             :
        and                           :
COTTMAN TRANSMISSION                  :
   COMMUNICATIONS CORP.               :
240 New York Drive                    :
Fort Washington, PA  19034            :
                                      :
        Plaintiffs,                   :
                                      :
    v.                                :
                                      :
DAVID FAULKNER                        :
7216 Pawnee Trail                     :        No.
Fort Worth, TX 76135                  :
        and                           :
ROBYN FAULKNER                        :
7216 Pawnee Trail                     :
Fort Worth, TX 76135                  :
        and                           :
TOOGS & DEENIE, INC.                  :
3611 E. Highway 377                   :
Granbury, TX 76049                    :
        and                           :
SOUTH WESTERN BELL TELEPHONE CO.      :
208 S. Akard Street                   :
1 SBC Plaza, Suite 2950               :
Dallas, TX 75202                      :
                                      :
        Defendants.                   :

---

### VERIFICATION

I, Todd P. Leff, verify that I am the President of Cottman Transmission Systems, LLC and

Cottman Transmission Communications Corp., Plaintiffs in this action, and as such am authorized to make

this verification on Plaintiffs' behalf.  I verify that the statements made in the foregoing Complaint are true

and correct to the best of my knowledge, information and belief. I understand that false statements herein

are made subject to the penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to

authorities.

Date: 6/11/02

_____
Todd P. Leff, President

**EXHIBIT A**



# LICENSE AGREEMENT

## TABLE OF CONTENTS

|  | | |
|---|---|---|
|  | Background | 1 |
| Section 1. | Grant of License | 1 |
| Section 2. | Term | 2 |
| Section 3. | Location and Lease | 2 |
| Section 4. | Training and Commencement of Business | 3 |
| Section 5. | Services Rendered by COTTMAN | 3 |
| Section 6. | Operator's Manual | 4 |
| Section 7. | Certain Obligations of OPERATOR | 5 |
| Section 8. | Continuing License Fees | 6 |
| Section 9. | Advertising | 6 |
| Section 10. | Insurance | 7 |
| Section 11. | COTTMAN Names and Marks and Trade Secrets | 7 |
| Section 12. | Protection of SYSTEM | 8 |
| Section 13. | Customer Warranties | 8 |
| Section 14. | Telephone Service | 8 |
| Section 15. | Signs | 8 |
| Section 16. | Restrictions on Change of Ownership | 8 |
| Section 17. | Relationship of the Parties; Indemnification | 10 |
| Section 18. | Termination | 10 |
| Section 19. | Effect of Termination | 11 |
| Section 20. | Covenant Not to Compete | 12 |
| Section 21. | Arbitration | 13 |
| Section 22. | Expenses | 14 |
| Section 23. | Waiver | 14 |
| Section 24. | Successors | 14 |
| Section 25. | Notice | 14 |
| Section 26. | Risk of Operations | 14 |
| Section 27. | Severability | 14 |
| Section 28. | Jurisdiction, Venue and Controlling Law | 15 |
| Section 29. | JURY WAIVER | 15 |
| Section 30. | Entire Agreement | 15 |



☑ New   ☐ Conversion
☐ Elite

# License Agreement

AGREEMENT made *July 14*, 19*99*, between COTTMAN TRANSMISSION SYSTEMS, INC., 240 New York Drive, Fort Washington, Pennsylvania 19034 (hereinafter called "COTTMAN"), and

David Faulkner and Robyn Faulkner
7216 Pawnee Trail
Ft. Worth, TX 76135

(hereinafter called "OPERATOR")

As a result of extensive experience in the automotive transmission business, COTTMAN has developed and perfected certain methods, procedures and techniques of repairing, remanufacturing and servicing transmissions; and

COTTMAN has developed a system (hereinafter called the "SYSTEM") for conducting operations in the automotive transmission business which consists, in part, of the use of the Cottman name, Cottman's methods, procedures and techniques, and a network of Centers devoted exclusively to the repair of automotive transmissions (hereinafter called "CENTERS") which use the Cottman name and said methods, procedures and techniques; and

COTTMAN has created a substantial demand for its products and services by maintaining high standards of quality in its operations and in the operations of its licensed CENTERS and by extensive advertising; and

COTTMAN is actively engaged in promoting and expanding the reputation and good will of the name COTTMAN in connection with the automotive transmission business; and

In recognition of the value of participating in the SYSTEM, OPERATOR desires to acquire a license to operate a CENTER;

THEREFORE, in consideration of the mutual promises contained herein and intending to be legally bound, the parties agree as follows:

1.    Grant of License.

a. In consideration of the payment of the initial fees, as set forth in Appendix A attached hereto and made a part hereof, OPERATOR shall have the right, subject to the terms and conditions set forth in this Agreement, to operate a CENTER (hereinafter called "the CENTER"), under the Cottman name and under any other trade names, trademarks, service marks and logos (hereinafter called "Cottman names and marks") presently used, or which may hereafter be used in the SYSTEM:

S.M.S.A./COUNTY

The Center may not be relocated without the express prior written approval of Cottman, which approval shall not be unreasonably withheld.

i. Cottman reserves the right to establish other Centers within the same Standard Metropolitan Statistical Area or County. The number of Centers, however, shall not exceed one Center for each 50,000 motor vehicle registrations in the above named area. In areas which are not designated within a statistical metropolitan area, Cottman shall not establish another Center within a three mile radius of the Operator's Center.

c. This paragraph c. shall apply only to New Licensees, Converting Individuals or Converting Groups. OPERATOR acknowledges that Cottman shall incur expenses upon execution of this Agreement, and in the event of any termination or cancellation of this Agreement for any reason whatsoever, COTTMAN in addition to any other rights or remedies it may have shall be entitled to retain the entire initial license fee deposit as liquidated damages.

c. This paragraph c. shall apply only to Elite License Agreements. In the event OPERATOR fails to open his CENTER for business within one year from the date of execution hereof, either COTTMAN or OPERATOR shall have the right to cancel and terminate this Agreement by giving thirty (30) days' written notice to the other. Upon any such cancellation or termination pursuant to this Section i.e., OPERATOR shall be entitled to receive a refund of all deposit monies paid to COTTMAN, minus all expenses incurred by COTTMAN.

2. Term.

This Agreement shall be for an initial term of fifteen (15) years. Provided OPERATOR is not then in default under this Agreement, OPERATOR shall have the right to renew this Agreement at the end of the initial term or any renewal term for an additional fifteen (15) year term by executing, at least ninety (90) days, but not more than one (1) year, prior to the expiration of the then current term, COTTMAN's then current standard License Agreement. There shall be no additional initial license fee payable upon renewal. The rate of continuing license fee, as described in Section 8, to be paid by OPERATOR to COTTMAN during any renewal period shall not be more than the rate of continuing license fee payable under the then expiring agreement unless during the term of the then expiring agreement the laws and other rules and regulations under which COTTMAN operates have been modified to require COTTMAN to provide additional goods or services to OPERATOR or to otherwise increase COTTMAN's cost of operating or unless COTTMAN is, in fact, providing additional goods or services to OPERATOR. If, at least ninety (90) days prior to the expiration of the then current term of this Agreement, OPERATOR has not executed COTTMAN's then current standard License Agreement, this Agreement shall automatically terminate at the end of the term without further action by either party. Anything contained in this section 2 to the contrary notwithstanding the initial term of this Agreement and all renewal terms shall be subject to the other provisions of this Agreement relating to termination.

3. Location and Lease.

a. This paragraph a. shall apply only to New Licensees, Converting Individuals or Converting Groups. Upon the execution of this Agreement, OPERATOR shall proceed with due diligence to secure a location for the CENTER within the Standard Metropolitan Statistical Area or County stated in Section 1.b. of this Agreement, in accordance with the guidelines set forth in COTTMAN's Center Opening Procedures Manual. In the event OPERATOR fails to open his CENTER for business within one year from the date of execution hereof, COTTMAN, in its sole discretion, and absent any extension of time agreed to in writing by COTTMAN, may immediately and without prior notice, cancel and terminate this Agreement.

a. This paragraph a. shall apply only to Elite License Agreements. Upon the execution of this Agreement, COTTMAN and OPERATOR shall proceed with due diligence to secure a location for the CENTER within the Standard Metropolitan Statistical Area or County stated in Section 1.b. of this Agreement, in accordance with the guidelines set forth in COTTMAN's Center Opening Procedures Manual. In the event such a location is not secured within one year from the date of this Agreement, either COTTMAN or OPERATOR shall be entitled to terminate this License Agreement by giving thirty (30) days written notice to the other party, and OPERATOR shall receive a refund of all deposit monies paid to COTTMAN, less all expenses incurred by COTTMAN as a result of this Agreement.

by OPERATOR shall not execute any documents of purchase or lease for any such location without the prior written approval of COTTMAN as to location and terms of sale in the event of purchase, or as to the lease and location in the event of lease.

c. In the event OPERATOR purchases the CENTER location at any time during the term of this Agreement, or is the owner of the Center location prior to the execution of this AGREEMENT, OPERATOR does hereby grant to COTTMAN the option to lease the said location on substantially the same terms and conditions contained in any lease under which OPERATOR occupied the location as lessee, or if no such lease existed, then on terms and conditions which are commercially reasonable. The option herein granted may be exercised by COTTMAN for a period of thirty (30) days following the termination of this Agreement for any reason whatsoever.

d. In the event of lease, upon COTTMAN's written approval of the proposed location and lease, OPERATOR shall execute the lease and deliver a copy of the fully executed lease to COTTMAN. The lease shall contain a conditional assignment clause which shall provide that upon the termination of this Agreement, for any reason whatsoever, COTTMAN shall have the option for thirty (30) days to assume the obligations of and to replace OPERATOR as the lessee under said lease and at any time thereafter reassign the lease to a new OPERATOR. OPERATOR agrees not to terminate, renew or in any way alter or amend such lease during the term thereof, or any renewal term thereof, without COTTMAN's prior written consent, and any attempted termination, renewal, alteration or amendment shall be null and void and have no effect as to COTTMAN or COTTMAN's interests.

e. Except as otherwise provided in this Agreement, OPERATOR shall not assign its lease or sublet the CENTER, or any portion of the premises containing the CENTER.

4. Training and Commencement of Business.

a. Prior to opening the CENTER for business, OPERATOR shall attend COTTMAN's training program and complete the course to COTTMAN's satisfaction. During the training program, OPERATOR shall receive instruction, training and education in the operation of the CENTER. In the event OPERATOR fails to complete training to COTTMAN's satisfaction, COTTMAN, in its sole discretion, may terminate this Agreement immediately, and this Agreement shall be of no further force and effect, and neither COTTMAN nor OPERATOR shall have any further liability or obligation to the other, provided however, that the provisions of paragraphs 19 and 20 hereof shall not be affected by any such termination.

b. OPERATOR shall attend such additional training programs or meetings at such locations as COTTMAN may from time to time direct. All expenses of OPERATOR incurred in connection with attendance at training programs or sales meetings other than the initial training program shall be borne solely by OPERATOR.

c. OPERATOR shall maintain at all times during the term of this Agreement or any renewal thereof, a staff of trained employees sufficient to operate the CENTER in accordance with this Agreement. OPERATOR shall not employ any person who may be required by COTTMAN to complete a training program but who fails to do so for any reason whatsoever.

5. Services Rendered by COTTMAN

COTTMAN agrees to:

a. assist OPERATOR in obtaining a location and negotiating a lease;

b. assist OPERATOR with the layout of the CENTER and the installation of equipment;

c. assist OPERATOR in finding and evaluating personnel;

d. furnish to OPERATOR the Operator's Manual described in section 6, parts catalogs, and instructional and training materials for the purpose of providing guidance in the methods, procedures and techniques of operating a CENTER;